**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROLAND SALAZAR, | § | |
| (TDCJ-CID #01442303) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-5251 |
| | § | |
| JUSTICE EVELYN KEYES, *et al.,* | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND OPINION

Roland Salazar, an inmate of the Texas Department of Criminal Justice - Correctional

Institutions Division, sued on December 17, 2010, alleging illegal confinement. Salazar, proceeding

*pro se* and *in forma pauperis*, sues Evelyn Keyes, Justice of the First Court of Appeals of Texas; Jim

Wallace, Judge of the 263rd Judicial District Court of Harris County, Texas; and Andrew J. Smith,

an assistant district attorney of Harris County. Based on a close review of the pleadings, this court

concludes that Salazar's claims lack merit and must be dismissed.

Salazar alleges that on June 30, 2005, he was talking with a homeless man when he was

stopped by police. The following day, he was charged with aggravated sexual assault and capital

murder. Salazar alleges that in June 2007, the prosecutor filed an amended indictment with an

additional charge of kidnapping. Salazar alleges that the prosecutor presented a false indictment.

He also alleges that the judges who presided at his trial and appeal obstructed justice, violated his

constitutional rights, and deprived him of his liberty. He complains that Judge Keyes caused him

mental anguish by failing to overturn his conviction and deprived him of the opportunity to excel

and make a living.  Salazar seeks unspecified compensatory damages for his incarceration and asks

that his criminal conviction be expunged from his record.

A district court must dismiss any part of a prisoner's § 1983 complaint that is malicious or

frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C.

§ 1915(e)(2)(B).  Under 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis*

complaint as frivolous when it lacks an arguable basis in law or fact.  *Hutchins v. McDaniels*, 512

F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren,* 134 F.3d 732, 734 (5th Cir. 1998)).  The court

may dismiss the claim "'before service of process or before the filing of the answer' as long as

certain safeguards are met."  *Brewster v. Dretke,* 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v.

Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)).  "A complaint lacks an arguable basis in law if it is based

on an indisputably meritless legal theory."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)

(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the court must dismiss a civil rights

complaint under 42 U.S.C. § 1983 if its success would necessarily imply the invalidity of a plaintiff's

conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such a determination, or called into question by a federal court's issuance of a

writ of habeas corpus under 28 U.S.C. § 2254.  Online research reveals that Salazar was convicted

of capital murder on June 8, 2007 and sentenced to life in prison.  (Cause Number 1118235).  His

conviction was affirmed on appeal on March 5, 2009.  The crux of Salazar's complaint in this case

is that he was improperly charged and convicted of capital murder.  His complaint challenges the

validity of his conviction, the prosecutor's misconduct, and the correctness of the rulings by the trial

2

and appellate judges.  A ruling granting Salazar the relief he seeks would necessarily implicate the validity of his conviction and affect the duration of his confinement.

Under *Heck,* before Salazar can proceed with this suit, he must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged. *Heck,* 512 U.S. at 486-87. Salazar has not alleged that his conviction in Cause Number 1118235 has been reversed, invalidated, or otherwise expunged.  Court records show that Salazar filed a habeas petition, Civil Action Number 4:10-2396, on May 10, 2010, challenging his capital murder conviction.  The respondent's motion for summary judgment is pending.  Until Salazar receives a ruling declaring his conviction invalid, he cannot file or pursue this claim under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery. . . ."). Salazar's claims challenging his capital murder conviction are legally frivolous under §§ 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Salazar's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted.  His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  Any remaining pending motions are denied as moot.

The clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

3

(1)      the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin,

Texas, 78711, Fax: 512-936-2159;

(2)      the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax:

936-437-4793; and

(3)      the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas

75702, Attention: Manager of the Three-Strikes List.

SIGNED on January 25, 2011, at Houston, Texas.

                                              Lee H. Rosenthal
                                              United States District Judge